UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
)
IN RE:                                        )    CASE NO.          07-32374
                                              )
   TIMOTHY LEMOINE,               )    CHAPTER           7
                                              )
               DEBTOR.        )    DOC. I.D. NOS.    14, 15, 19, 21
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**APPEARANCES**

Stuart H. Kaplan, Esq.                                Attorney for the Debtor
Law Offices of Neil Crane
2700 Whitney Avenue
Hamden, CT 06518

Chase Auto Finance                                    *Pro Se* Creditor
201 N. Central Ave., 11th Floor
Phoenix, AZ 85004

**MEMORANDUM OF DECISION RE:**
**STRIKING OF REAFFIRMATION AGREEMENT**

Lorraine Murphy Weil, United States Bankruptcy Judge

      Before the court are (a) that certain "Reaffirmation Agreement" (Doc. I.D. No. 14, the "Reaffirmation Agreement")[1] and (b) a motion (Doc. I.D. No. 15, the "Motion") seeking this court's approval of the Reaffirmation Agreement. This court has jurisdiction over this matter as a core proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b) and that certain Order dated September 21, 1984 of this District (Daly, C.J.).[2]

---

      [1] Citations herein to the docket of this bankruptcy case are in the following form: "Doc. I.D. No. ____."

      [2] That order referred to the "Bankruptcy Judges for this District" *inter alia* "all proceedings arising under Title 11, U.S.C. , or arising in . . . a case under Title 11, U.S.C. . . . ."

**I.     BACKGROUND**

On October 13, 2007, the Debtor commenced the instant bankruptcy case by the filing of a chapter 7 petition. (Doc. I.D. No. 1.) A complete set of schedules (*see id.*) was filed along with the petition. In Schedule D (Creditors Holding Secured Claims), the Debtor listed a claim held by Chase Auto Finance ("CAF") for $9,300.00 (the "Debt"), which is secured by a motor vehicle valued at $6,130.00. (*See* Doc. I.D. No. 1.) On January 15, 2008, a discharge (Doc. I.D. No. 13, the "Discharge") entered in the case pursuant to 11 U.S.C. § 727.

On January 18, 2008, the Debtor filed the Reaffirmation Agreement seeking to reaffirm the Debt. As noted, the Debt is secured by the Debtor's interest in an automobile in which there is no equity. (*See* Doc. I.D. No. 1.). No attorney certification was filed with respect to the Reaffirmation Agreement. (*Cf.* 11 U.S.C. § 524(c)(6) (hearing required if the debtor is not represented by an attorney during the course of negotiating the subject reaffirmation agreement).) There is a presumption of undue hardship in respect of the Reaffirmation Agreement which was not rebutted by the Debtor in his certification in support of the Reaffirmation Agreement. (*See* Doc. I.D. Nos. 1 (Schedule J (Item 20.c.)) and 14 (Debtor's certification in support). On January 18, 2008, the Debtor also filed the Motion. An evidentiary hearing on the Motion was scheduled for February 26, 2008. (*See* Doc. I.D. No. 17.)

Because the Reaffirmation Agreement was filed after the Discharge entered, on February 7, 2008, this court issued a certain Order To Show Cause Why Reaffirmation Agreement Should Not Be Stricken from the Record As Untimely Filed (Doc. I.D. No. 19, the "Show Cause Order"). The Show Cause Order was duly served on the Debtor and CAF (among others) on February 9, 2008. (*Se* Doc. I.D. No. 20.). In accordance with the Show Cause Order, a hearing (the "Hearing") on the

same was convened on February 26, 2008. CAF did not appear at the Hearing. Counsel for the Debtor appeared at the Hearing and advised the court that the Debtor was not contesting the Show Cause Order or otherwise prosecuting the Reaffirmation Agreement.

### III. DISCUSSION

Interim Bankruptcy Rule 4008 provides in relevant part as follows:

> Not more than 30 days following the entry of an order granting or denying a discharge . . . and on not less than 10 days notice to the debtor and the trustee, the court may hold a hearing as provided in § 524(d) of the Code. A motion by the debtor for approval of a reaffirmation agreement shall be filed before or at the hearing . . . .

Interim Fed. R. Bankr. P. 4008. However, Bankruptcy Code § 524(m) of the Bankruptcy Code provides in relevant part:

> No agreement shall be disapproved without notice and a hearing to the debtor and creditor, and *such hearing shall be concluded before the entry of the debtor's discharge.*

11 U.S.C.A. § 524(m) (West 2008). In order to effectuate the foregoing statutory provision, the "reaffirmation agreement must be filed before the entry of the debtor's discharge, or it cannot be approved . . . ." *In re Parker,* 372 B.R. 835, 836 (Bankr. W.D. Tex. 2007) (approval denied where reaffirmation agreement filed after entry of discharge). Interim Rule 4008 is inconsistent with Section 524(m) in material part. However, the statutory provision trumps the procedural rule. *See In re Smart World Technologies, LLC.*, 423 F.3d 166, 181 (2d Cir. 2005) ("Where a conflict between a Rule and a statutory provision exists, . . . the Rules Enabling Act requires that . . . [the court] apply the statutory provision."); *In re Parker, supra* at 837 ("Rule 4008, which sets a different deadline . . . [from the one implied in Bankruptcy Code § 524(m)], is not consistent with the statute as amended in 2005, and so must be ignored to the extent that it conflicts with the Code."). Here, the

Reaffirmation Agreement was filed subsequent to the entry of the Discharge and, accordingly, failed to comply with Section 524(m).[3]

At the Hearing, counsel for the Debtor did not contest the Show Cause Order or otherwise prosecute the Reaffirmation Agreement. Consequently, the court determined that the Reaffirmation Agreement should be stricken and, on March 3, 2008, issued that certain Order Striking Reaffirmation Agreement from the Record as Untimely Filed (Doc. I.D. No. 21, the "Order").[4] In the Order, the court reserved the right to issue a memorandum of decision in conformity with the Order in order to provide notice to the bar of the foregoing ruling.

### IV.   CONCLUSION

For the reasons discussed above, the court has concluded that the Reaffirmation Agreement should be stricken from the record because it was filed after the Discharge entered.

Dated: March 19, 2008                                                BY THE COURT

*Lorraine Murphy Weil*
Lorraine Murphy Weil
United States Bankruptcy Judge

---

[3] However, even assuming that Interim Rule 4008 were consistent with Bankruptcy Code § 524(m) (which it is not), there was noncompliance with the Rule because the hearing on the Reaffirmation Agreement occurred more than thirty days after the entry of Discharge and neither the Debtor nor CAF moved to expedite that hearing.

[4] The court notes that even if the Reaffirmation Agreement was filed timely, it may have been disapproved because the Debtor failed to rebut the presumption of undue hardship.